## Black v. Aluminum Company of America

*Scales, Loughran & Shaw*, for claimant.
*Smith, Best & Horn*, for defendant.

GORDON, JR., P. J., first judicial district, specially presiding, March 10, 1942.—When the appeal in this case was argued the record could not be located and a subsequent search has failed to disclose it. Counsel, however, were in accord as to the questions involved and the argument proceeded without the record being physically before us. Since, however, the matter involved an award of compensation to a widow, the amount of which is known, we see no objection to deciding the case at this time.

This is an appeal from an award by the Workmen's Compensation Board to the widow of a deceased employe of defendant. At the time of the fatal accident the deceased was living with another woman, who filed

a claim for compensation as widow. Upon discovering that she was not the deceased's wife, the board made an award for funeral expenses, and the personal claim was dropped. The present claimant then presented her claim as a dependent wife. The law in force at the time allowed compensation to a dependent wife who was separated from her husband, regardless of whether she was actually receiving support from him, except in cases in which the fact that the wife was not receiving support was voluntarily consented to by her, and defendant claims that the present case falls within this exception.

The evidence discloses that, owing to financial difficulties, the deceased and his wife had separated, the wife going to Ohio to resume living together when the husband secured a satisfactory position. After procuring employment, however, he failed to send for his wife, but set up an apparent marital establishment with the other woman with whom he lived until his death. Shortly before the date of the accident, claimant began proceedings for divorce on the grounds of desertion and nonsupport in the State of Ohio, under the law of which it appears that claimant would have been entitled to an order for permanent alimony, had her action been concluded before her husband's death.

In this situation defendant contends that claimant's action in suing her husband for divorce constituted an admission by her which conclusively established that she was not dependent upon him for support, and hence that the board should have held as a matter of law that her right to compensation was thereby barred. We think the statement of the proposition answers itself. Certainly an averment that her adulterous husband had maliciously deserted and neglected her cannot logically be tortured into an admission that she had consented to such misconduct on his part. If that were so, the element of malice would be absent, and the desertion, as a cause of divorce, would disappear. It would

be a sardonic process of reasoning, indeed, which would infer the consent of a dependent wife to the desertion and abandonment of her by her husband from her mere assertion of her injuries in a suit to secure rights arising out of them. If her bringing of the divorce action has any evidential value whatever to establish a status of nondependency, which we seriously doubt, it is rebuttable evidence at best, and in the present case there is ample testimony to the contrary to justify the board's award of compensation to her. On a factual finding of this kind, we have no power to overrule the action of the board unless there is no evidence whatever to support it.

Accordingly we now make the following decree in the case.

*Decree*

Now, March 10, 1942, exceptions dismissed; decision of the Workmen's Compensation Board affirmed; appeal dismissed. Counsel will prepare and present to the court a form of judgment to be entered in this case.